15-2593-cr
United States v. McDade

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
                    GUIDO CALABRESI,
                    REENA RAGGI,
                              *Circuit Judges*.
---------------------------------------------------------------------
UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                                            No. 15-2593-cr

TYSHAWN MCDADE,
                              *Defendant-Appellant*,

MELKUAN SCOTT, AKA Mel, AKA Young God, AKA Young, AKA YG, ARTHUR STANLEY, AKA Wigs, AKA P, AKA Peno, JEFF ANTOINE, AKA Little Homie, RASHAWN DUBOSE, AKA Chubbs, AKA Trev, GREGORY THOMAS, AKA Quanny, AKA Jim Jim, AKEEM MANOO, AKA Keeme, RICARDO HOWE, AKA Dino, AKA Tyson, NEHELIAH BARNETT, AKA Nelly, AKA Ney, AKA Neagmiah, AKA Nehemiah, RAYMOND RIVERA, AKA White Boy, KYRIN-ROBERT JACKSON, AKA KY, TAFARIE GREEN, AKA Farie, IRIS PEREZ, AFESHA MANOO, AKA Fesha, AKA Fee, HORACE STARKS, JR., AKA Head, AKA Little Head, JAMIE COLEMAN, AKA City, ARNOLD THOMPSON, AKA B, JERROD HALL, AKA

1

Slime, RAQUIM SMITH, AKA Bud, AKA Butter, AKA Rakim, JAMAL HOWELL, AKA Squizzy, RASHAWN HILL, JASON WATSON, AKA Noggin, SHAQILLE BROWN, AKA Shaq, MICHAEL MORRISON, AKA Nazzie,

*Defendants.[*]*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     VITO A. CASTIGNOLI, Esq., Milford, Connecticut.

APPEARING FOR APPELLEE:      JOHN H. DURHAM, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 14, 2015, is AFFIRMED.

Defendant Tyshawn McDade stands convicted after a jury trial on substantive and conspiratorial counts of distribution of and possession with intent to distribute cocaine base. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846; 18 U.S.C. § 2. The jury specifically attributed 100 grams or more of cocaine base to McDade, and the district court sentenced him to concurrent 132-month prison terms, above his 120-to-125-month Guidelines range. On this appeal, McDade challenges the sufficiency of the evidence supporting his conspiracy conviction, as well as certain evidentiary rulings. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[*] The clerk of court is directed to amend the caption as set forth above.

1.    Sufficiency of the Evidence

A defendant challenging the sufficiency of the evidence supporting his conviction bears a "heavy burden" because, although our standard of review is de novo, we must affirm a conviction "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Brock, 789 F.3d 60, 63 (2d Cir. 2015) (internal quotation marks omitted).

To prove a drug trafficking conspiracy, the government must demonstrate (1) the existence of the charged conspiracy and (2) defendant's knowing participation therein. See United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989). McDade's sufficiency challenge is directed only to the second element and rests on the buyer-seller defense. See, e.g., United States v. Brock, 789 F.3d at 63–64 (describing buyer-seller defense). This challenge fails on the merits because the record evidence, viewed most favorably to the verdict, allowed a reasonable jury to find that McDade and conspiracy leader Scott had more than a buyer-seller relationship; rather, they shared "a conspiratorial purpose to advance other transfers." United States v. Parker, 554 F.3d 230, 235 (2d Cir. 2009); accord United States v. Brock, 789 F.3d at 63.

Testimony by surveillance officers and a confidential source established that on March 3, 2014, McDade accompanied Scott to a location where Scott arranged a sale of 500 grams of crack to the source; that Scott and McDade subsequently returned to McDade's home; that McDade went inside for five minutes, whereupon the two men traveled to an arranged meeting place; and, there, McDade removed a one-ounce sample of crack from his pocket, handed it to the source, and received $800 in return, which he

3

conveyed to Scott. This evidence would allow a rational jury to conclude that McDade was not simply buying drugs from Scott but helping Scott supply drugs to others. Indeed, that conclusion was reinforced by recorded conversations indicating that McDade had fronted Scott the crack needed to complete a sale to another buyer on December 16, 2013. Further, on at least one occasion in the summer of 2013, Scott fronted crack to McDade. A rational jury could have concluded from the totality of this evidence that McDade personally assisted Scott in transferring drugs to others, and that there existed "prolonged cooperation between the parties, a level of mutual trust, standardized dealings, [and] sales on credit" between Scott and McDade, all of which demonstrated McDade's joinder in Scott's conspiracy to distribute drugs. United States v. Brock, 789 F.3d at 64 (internal quotation marks omitted).

Insofar as McDade points to other evidence that he contends is inconsistent with his participation in the drug conspiracy, he fails to show that such a conclusion is compelled as a matter of law. Accordingly, we must assume the jury resolved all evidentiary conflicts and drew all reasonable inferences in favor of the government. See United States v. Salameh, 152 F.3d 88, 151 (2d Cir. 1998). When we do that here, we conclude that the evidence was sufficient to allow the jury to find that McDade knowingly joined the charged conspiracy.[1]

---

[1] Insofar as McDade also challenges the district court's denial of his post-trial motions for a judgment of acquittal, see Fed. R. Crim. P. 29, and a new trial, see Fed. R. Crim. P. 33, because these rested on the same sufficiency and evidentiary challenges that we identify as meritless, we need not review these rulings separately here.

4

2.    Evidentiary Rulings

    a.    Co-Conspirator Statements

McDade faults the district court's admission into evidence of various recorded conversations under Fed. R. Evid. 801(d)(2)(E) (permitting introduction of hearsay statements in furtherance of conspiracy) on the ground that a preponderance of the evidence failed to show his membership in the scheme.  See United States v. Mandell, 752 F.3d 544, 552 (2d Cir. 2014) (holding that Rule 801(d)(2)(E) requires preponderance showing of (1) conspiracy, (2) declarant's and defendant's membership in scheme, and (3) statement being made during and in furtherance of conspiracy).  We review Rule 801(d)(2)(E) admissions "only for clear error," which is not evident here.  Id. (internal quotation marks omitted).  The district court concluded that "the contents of [McDade's] multiple wiretap conversations with [] Scott are not reasonably susceptible to any interpretation other than that they were for an illicit purpose of furthering a conspiracy's cocaine transactions."  United States v. McDade, No. 3:14-CR-00081 (JAM), 2015 WL 5157201, at *3 (D. Conn. Aug. 31, 2015).  We identify no error, let alone plain error, in that conclusion.  Further, as already discussed, witness testimony demonstrated that McDade actively assisted Scott in crack sales to others.

    b.    Other Evidence

McDade cursorily challenges the district court's admission of certain physical evidence collected during searches of properties associated with co-conspirators, as well as evidence of undercover buys in which he was not involved.  While McDade does not identify a basis for these challenges, because he argues that there is no evidence that he "knew about" or "own[ed] or ever possess[ed]" the challenged items of evidence,

5

Appellant's Br. 18–19, we assume he relies on Fed. R. Evid. 403 (allowing introduction of evidence that is more probative than prejudicial). We review a Rule 403 ruling for abuse of discretion, see United States v. Miller, 626 F.3d 682, 688–89 (2d Cir. 2010), and find none here. The trial court properly concluded that the challenged evidence was "relevant to show the existence of and scope of the alleged crack cocaine conspiracy," United States v. McDade, 2015 WL 5157201, at *3, an element distinct from McDade's joinder in the scheme, see United States v. Story, 891 F.2d at 992. While some of the evidence seized—specifically, guns—suggested violence, the district court carefully instructed the jury that McDade himself was not alleged to have engaged in any violence. This allowed the government to offer evidence probative of the scheme, see, e.g., United States v. Vegas, 27 F.3d 773, 778–79 (2d Cir. 1994), while ensuring against undue prejudice to McDade.

3.     Conclusion

We have considered McDade's remaining arguments and conclude that they are waived and, in any event, without merit.[2] Accordingly, the judgment of the district court is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] McDade mentions in passing other decisions by the district court that he had previously contended were error, but offers no arguments on appeal. Accordingly, any challenges to these decisions are deemed waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); accord United States v. Brown, --- F.3d ----, 2016 WL 3254735, at *10 (2d Cir. 2016). Even if McDade could clear this procedural hurdle, his challenges would fail on the merits.